# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06CR00007 |
| v. ) | **OPINION SETTING FORTH** |
| ) | **REASONS FOR SENTENCE** |
| NICHOLAS JAMES PEARCY, ) | |
| ) | By: James P. Jones |
| Defendant. ) | Chief United States District Judge |

*Dennis H. Lee, Special Assistant United States Attorney, Tazewell, Virginia, for United States; A. Benton Chafin, Jr., Lebanon, Virginia, for Defendant.*

The defendant pleaded guilty to possession of a firearm by a convicted felony, 18 U.S.C.A. § 922(g)(1) (West 2000). A sentencing hearing has been held, and this opinion sets forth the reasons for the sentence imposed.

There were no objections to the calculation of the defendant's guideline range under the advisory sentencing guidelines. According to that calculation, the defendant had a Total Offense Level of 21 and a Criminal History Category of III, resulting in a custody range of 46 to 57 months. In her presentence report, the court's probation officer suggested that a sentence outside of the advisory guideline sentence might be appropriate, for the following reasons:

> Within a five year period, the defendant has been convicted of two serious sex offenses and, during both terms of supervision, he was not cooperative with sex offender treatment. Therefore, it appears that the protection of the community is at stake and, a variance, pursuant to 18 U.S.C. § 3553 (a)(2)(C), may be appropriate.

(Presentence Investigation Report ("PSR") ¶ 55.) At sentencing, the government requested such a variance and the defendant was sentenced to 77 months imprisonment.[1]

There were no objections to the facts set forth in the PSR. The defendant is 32 years old. He is unmarried and has "virtually no employment history," because he was awarded Social Security disability benefits at age 18 due to mental health problems. (PSR ¶ 28.) On two occasions in 1990, he was involuntarily committed to a state mental health facility and diagnosed with major depression. He was referred to outpatient counseling following each discharge, but it does not appear that he regularly attended such counseling. In 2000, he was convicted in state court of masturbating in front of four children and sentenced to three years probation. His probation was revoked in 2003 because he was not fully cooperative in sex offender treatment and again masturbated in front of his younger siblings.

---

[1] The defendant moved for a downward departure under the sentencing guidelines based on the circumstances of the offense, but it was denied. The defendant also objected to a sentence above the guideline range.

- 2 -

In 2005 he was convicted in state court of sexually violating a 13-year-old family member by placing his finger into her vagina. She reported that he had performed other sexual acts against her. He was placed on "indefinite probation" but again violated the terms of the probation by refusing to attend sex offender treatment and absconding from supervision. A charge of probation violation has not yet been adjudicated in state court.

The present offense occurred on November 4, 2005, when law enforcement officers searched his father's home for the defendant's whereabouts on the probation violation and other charges. The defendant was found hiding outside the residence, with a loaded pistol, which he appeared to have in his mouth. He was arrested and subsequently charged in the present case. After he was committed for a psychiatric evaluation, it was reported that the defendant "' fantasizes about children and vaginal penetration with objects, and . . . reportedly cannot control himself.'" (PSR ¶ 34.) He was found competent to stand trial and thereafter entered a guilty plea without the benefit of a plea agreement with the government.

While the Sentencing Guidelines are not mandatory, *United States v. Booker*, 543 U.S. 220, 226-27 (2005), I am obligated to "consult those Guidelines and take them into account," along with the sentencing goals set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007). *Booker,* 543 U.S. at 264. The Fourth Circuit

- 3 -

has mandated the following process that a district court in this circuit must follow in order to comply with *Booker*:

> First, the court must correctly determine, after making appropriate findings of fact, the applicable guideline range. Next, the court must determine whether a sentence within that range serves the factors set forth in § 3553(a) and, if not, select a sentence within statutory limits that does serve those factors. In doing so, the district court should first look to whether a departure is appropriate based on the Guidelines Manual or relevant case law . . . . If an appropriate basis for departure exists, the district court may depart. If the resulting departure range still does not serve the factors set forth in § 3553(a), the court may then elect to impose a non-guideline sentence (a "variance sentence"). The district court must articulate the reasons for the sentence imposed, particularly explaining any departure or variance from the guideline range. The explanation of a variance sentence must be tied to the factors set forth in § 3553(a) and must be accompanied by findings of fact as necessary. The district court need not discuss each factor set forth in § 3553(a) in checklist fashion; it is enough to calculate the range accurately and explain why (if the sentence lies outside it) this defendant deserves more or less.

*United States v. Moreland,* 437 F.3d 424, 432 (4th Cir. 2006) (alterations, internal quotation marks, and citations omitted).

Under § 3553(a), I must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as

> the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

- 4 -

18 U.S.C.A. § 3553(a). The further a sentence "diverges from the advisory guideline range, the more compelling the reasons for the divergence must be." *Moreland*, 437 F.3d at 434. Nevertheless, "'a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).'" *United States v. Davenport*, 445 F.3d 366, 370 (4th Cir. 2006) (quoting *United States v. Foreman*, 436 F.3d 638, 644 n.1 (6th Cir. 2006)).

In the present case, the defendant's sexual deviancy requires further protection to the public than afforded by the guideline range. For this reason, I find it appropriate to impose a sentence outside of the sentencing guideline system.[2]

DATED: May 31, 2007

/s/ JAMES P. JONES
Chief United States District Judge

---

[2] In addition, a longer sentence will permit the defendant to receive additional sex offender treatment while incarcerated. *See* 18 U.S.C.A. 3621(f) (West Supp. 2007) (requiring Bureau of Prisons to provide appropriate sex offender treatment) (added by Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, § 622, 120 Stat. 587, 634-35 (2006)).

- 5 -